UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8573-GW(AJWx) | Date | November 22, 2013 |
|---|---|---|---|
| Title | *John Doe v. City of Sierra Madre, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   RULING ON EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**I. Background**

On November 20, 2013, Plaintiff John Doe ("Plaintiff") filed a Complaint[1] (*see* Docket No. 1) which, in essence, seeks to bar Defendant City of Sierra Madre ("Defendant") from applying its Municipal Code Chapter 9.48 (which relates to "sex offender residency and loitering restrictions") against him (and perhaps to others).[2] In the Complaint, Plaintiff indicates that, on September 17, 2013, he was convicted of a misdemeanor violation of California Penal Code (henceforth "Penal Code") § 647.6(a)(1) (annoying or molesting a child under the age of 18). *See* Complaint at ¶ 5, Docket No. 1. As a result, he is required to register as a sex offender under Penal Code § 290. *Id.* He alleges that the Defendant adopted on March 9, 2010, the above cited ordinance which contains provisions which are purportedly invalid and/or unconstitutional. *Id.* at ¶¶ 8-25.

For example, Plaintiff refers to § 9.48.030 which states that "A registered sex offender shall be prohibited from loitering in a child safety zone," where the latter term is defined as "any area located

---

[1] The Complaint in its caption on page one labels itself as a "Verified Complaint for Relief." *See* Docket No. 1. However, there is no signature of the Plaintiff under penalty of perjury in that document. Thus, the Complaint cannot be found to be "verified" for purposes of Federal Rule of Civil Procedure ("FRCP") 65(b)(1)(A). *See cf. Schroeder v. McDonald*, 55 F.3d 454, 460 & n.10 (9th Cir. 1995); *Hanson v. Sinavsky*, 2013 U.S. Dist. LEXIS 123003 *5-6 (C.D. Cal. Aug. 9, 2013) ("A verified Complaint or prior motion signed under penalty of perjury may be considered an affidavit in opposition to a motion for summary judgment to the extent that it sets forth facts within the plaintiff's personal knowledge that are admissible into evidence.").

[2] In his Prayer for Relief, Plaintiff asks this Court to declare that "the City of Sierra Madre Municipal Code Chapter 9.48 [is] null and void as unconstitutionally vague and in violation of the First, Fifth and Fourteenth Amendments of the United States Constitution, the Ex Post Facto Clause of the United States Constitution and Article XI, Section 7 of the California Constitution . . . ." *See* Complaint at ¶ 65(b).

Initials of Preparer   JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8573-GW(AJWx) | Date | November 22, 2013 |
|---|---|---|---|
| Title | *John Doe v. City of Sierra Madre, et al.* | | |

within three hundred feet from the nearest property line of a child care center, public or private school, park, [or] public library . . . ."  *Id.* at ¶¶ 12 (the second),[3] 12(C).  He challenges the denial of his access to locations within the child safety zones such as libraries, commercial establishments therein, *etc.  Id.* at ¶¶ 30-33.  Plaintiff also refers to § 9.48.040 which "prohibit[s a registered sex offender] from becoming a permanent or temporary resident in any residential exclusion zone," where the latter term is defined as "any area located within two thousand feet from the nearest property line of the subject property to the nearest property line of a child care center, public or private school, park or public library."  *Id.* at ¶¶ 13, 12(C).  He avers that he owns and has resided since September 2009 in a house within the city of Sierra Madre that is located within 2000 feet of a child care center, park, and public library.  *Id.* at ¶ 26. Plaintiffs claims that on or about November 18, 2013, he received a verbal notice from the Defendant (and on November 20, 2013, written notice) requiring him to vacate his home by 5:00 p.m. on November 20, 2013, or be subject to arrest at that day and time.  *Id.* at ¶ 27.

On November 21, 2013, Plaintiff filed the present ex parte application for a Temporary Restraining Order ("TRO") barring the Defendant from applying the provisions of Chapter 9.48 against him.  *See* Docket Nos. 5, 7 and 9.  In that application, he has not indicated that he was arrested on November 20, 2013.  Because Plaintiff fails to demonstrate that the ex parte relief he has requested is warranted, the Court DENIES Plaintiff's application.

## II.  Legal Standards

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action."  *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952).  "The standard for granting a temporary restraining order 'is identical to the standard for issuing a preliminary injunction.'"  *Meggitt (San Juan Capistrano), Inc. v. Nie Yongzhong*, No. CV-13-0239-DOC, 2013 U.S. Dist. LEXIS 19503, at *3 (C.D. Cal. Feb. 13, 2013) (citing *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002)).

Under Rule 65 of the Federal Rules of Civil Procedure, a court may grant preliminary injunctive relief in order to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  The party seeking such relief must establish: (1) a likelihood of success on the merits, (2) a likelihood to suffer irreparable harm if the preliminary relief is not granted, (3) a balance of the equities favors the plaintiff, and (4) that the injunction is in the public interest.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: 'serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of the irreparable

---

[3] The Complaint contains two paragraphs 11 and 12.  The reference to "12 (the second)" cites to the second numbered paragraph 12.

:

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8573-GW(AJWx) | Date | November 22, 2013 |
|---|---|---|---|
| Title | *John Doe v. City of Sierra Madre, et al.* | | |

injury and that the injunction is in the public interest.'" *Meggitt*, 2013 U.S. Dist. LEXIS 19503, at *3 (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)).

  "Where, as here, the application for the temporary restraining order is made ex parte, Rule 65 mandates an additional showing that: (1) 'immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition;' and (2) the movant must explain in writing the reasons why notice should not be required." *Meggitt*, 2013 U.S. Dist. LEXIS 19503, at *4 (citing Fed. R. Civ. P. 65(b)(1); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006)). "The standard for issuing a temporary restraining order without notice to the adverse party is very stringent, and the burden on the movant to show why notice is not required is accordingly very high." *Id.* (citing *Granny Goose Foods, Inc. v. Broth. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *Reno Air Racing Ass'n*, 452 F.3d at 1131 ("[C]ircumstances justifying the issuance of an ex parte order are extremely limited.")).

  "The most common reasons for issuing an ex parte temporary restraining order are 'where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing and a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Meggitt*, 2013 U.S. Dist. LEXIS 19503, at *5 (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).

### III.  Analysis

  Initially as to the first element which Plaintiff must establish to obtain a TRO, this Court would find that Plaintiff has not shown a likelihood of success on the merits of his claims.  For example, as to his challenge against § 9.48.030 (which bars a registered sex offender from "loitering" in a child safety zone), it is noted that "loiter" is defined in the ordinance as "to delay, linger or idle about a child safety zone without a lawful purpose." *See* Municipal Code § 9.48.020(E).  As so delineated, the application of § 9.48.030 to Plaintiff would not appear to raise any serious constitutional impediment since it would seemingly not preclude him from going to and utilizing establishments in a child safety zone so long as he does not delay or linger in that area without a lawful purpose.

  Likewise, § 9.48.040 would not appear to prevent him from continuing to reside in his current home.  That section only prevents a registered sex offender "from *becoming* a permanent or temporary resident in any residential exclusion zone. [Emphasis added.]"  Because he is *already* a resident within such a zone, § 9.48.040 would not appear to be applicable to him.  This is further substantiated by § 9.48.140 which states that "The provisions of this chapter shall not apply to: A. Tenancies or other occupancies which commenced prior to the effective date of this ordinance . . . ."  As noted above, the ordinance was adopted in March of 2010 and Plaintiff has owned and resided in his house since

                        :

Initials of Preparer  JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8573-GW(AJWx) | Date | November 22, 2013 |
|---|---|---|---|

| Title | *John Doe v. City of Sierra Madre, et al.* |
|---|---|

September of 2009.

Plaintiff does assert that the Defendant has given him verbal and written notice to vacate his house due to § 9.48.040 and also threatened him with arrest if he failed to do so. *See* Complaint at ¶ 27, Docket No. 1. However, Plaintiff indicated in his Complaint that the Defendant's threat was that he would be subject to arrest on November 20, 2013 at 5:00 p.m., if he did not vacate his home. *Id.* That time has apparently come and gone without his being arrested. Furthermore, Plaintiff states that he is in possession of a state court issued order barring the application of Penal Code § 3003.5(b) to registered sex offenders. *See* Complaint at ¶ 29 and Attachment A thereto. Penal Code § 3003.5(b) contains restrictions similar to § 9.48.040 and bars registered sex offenders from residing within 2000 feet of any "public or private school, or park where children regularly gather." Thus, while Plaintiff has requested an order from this Court seeking to prevent Defendant from applying Chapter 9.48 against him and as to the Defendant's alleged threat to arrest him if he fails to vacate his residence, Defendant's purported action would constitute a *mis*application of § 9.48.040. Consequently, Plaintiff's appropriate remedy herein would not be an order barring the Defendant from subjecting Plaintiff to the application of § 9.48.040 (and § 9.48.140), but rather an order that the Defendant utilize those provisions correctly. However, that was not the request which Plaintiff has made to this Court.

As to the second element, this Court would find that Plaintiff could establish the likelihood of irreparable injury should it be shown that the Defendant in fact intends to proceed to arrest the Plaintiff should he continue to fail to vacate his residence within the City of Sierra Madre. However, it is presently unclear whether the Defendant currently has, or in fact actually ever had that intention. While the Complaint does allege that Defendant verbally and in writing made the threats to arrest him if he failed to vacate his residence, as noted above in footnote 1, the Complaint is not in fact verified because it is not signed by Plaintiff under penalty of perjury. Further, the declaration which was filed by the Plaintiff with this Court does not have his actual signature, merely the typed notation "/S/ John Doe." *See* Docket No. 9 at page 3. Moreover, the declaration received by this Court contains redactions where the Plaintiff's real name has been removed. Thus, the declaration submitted by Plaintiff to this Court cannot be treated as an actual affidavit as required under FRCP 65(b)(1)(A). Finally, the declaration submitted by Plaintiff fails to include averments delineating any statements by Defendant as to the purported verbal or written threats regarding his arrest. Thus, at this point, the Court cannot find that Plaintiff has provided "specific facts in an affidavit or a verified Complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and therefore a TRO may not be issued.[4] *See* FRCP 65(b)(1)(A); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2012) § 8:756 at 8-84 – 8-85.

---

[4] Given Plaintiff's failure to meet the first two elements of *Winter's* four part consideration as to whether to issue preliminary injunctive relief on an ex parte basis, there is no need to consider the remaining two criteria.

:

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8573-GW(AJWx) | Date | November 22, 2013 |
|---|---|---|---|
| Title | *John Doe v. City of Sierra Madre, et al.* | | |

**IV.  Conclusion**

　　For the above stated reasons, the Court DENIES Plaintiff's ex parte application for a Temporary Restraining Order.

:

Initials of Preparer　　JG